UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNY R. HOLLEY,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 20-cv-1664 |
| | : |
| MIDDLETOWN POLICE DEPARTMENT,<br>ET AL.,<br>    Defendants. | :<br>:<br>: |

## RULING AND ORDER

Kenny R. Holley ("Holley"), proceeding *pro se*, has filed a "Civil and Criminal Complaint", a motion seeking the addition or substitution of certain parties, a request for settlement, a motion for change of venue and an objection to the District of Connecticut Standing Protective Order. For the following reasons, the original complaint is dismissed and the pending motions are denied. The motion to file an amended complaint is granted.

**Complaint [Doc. No. 1]**

Holley lists the following defendants in the caption of the complaint: Middletown Police Department, Ned Lamont[1], the Department of Correction ("DOC") and the Social Security Administration ("SSA"). Compl. Doc. No. 1 at 1. Holley has additionally submitted 228 pages of exhibits including: records related to a Connecticut Commission on Human Rights and Opportunities ("CHRO") investigation initiated by Holley against a superior court judge; records from a complaint Holley initiated before the Connecticut Judicial Review Council against a different judge; records from an attempt to file a petition for a writ of habeas corpus in Superior Court; transcripts and motions related to criminal proceedings in state court; records of

---

[1] Holley's complaint refers to Ned Lamount; because he references various executive orders, I assume that

grievances filed against various defense attorneys; records from proceedings Holley initiated before the CHRO against the State of Connecticut Statewide Grievance Committee & Statewide Bar Counsel, the public defender of Middletown and Meriden, the Connecticut Department of Correction and the Middletown Police Department; a news article on Holley's arrest published in the Middletown Press online; documents related to post-discharge monitoring for total and permanent disability through the Department of Education; a complaint filed against an administrative law judge; a CHRO complaint filed against the Social Security Administration; a notice of a hearing before the Social Security Administration ("SSA") and; a notice from the State of Connecticut Department of Social Services. *See* Doc. No. 2.

### I.      Factual Allegations

In the first sentence of the complaint Holley states that he:

> is filing this civil and criminal complaint to move the U.S. DISTRICT COURT and the U.S. DISTRICT ATTORNEYS OFFICE and the F.B.I., it is mandatory, not discretionary the fourteenth amendment "no state shall make or enforce any law which shall abridge the privileges or immunities of the citizen of the United States nor shall any state deprive any person of life, liberty or property without due process and within its Jurisdiction the equal protection of the laws" and to have this court to enter a order and ruling Granting this civil and criminal complaint and it is mandatory not discretionary under the sixth amendment the right to a speedy trial *et seq.*, is in pursuant to 18 U.S.C. § 3161 *et seq.*, is designed "to protect a defendant's constitutional right to a speedy trial and to serve the public interest in bringing prompt criminal proceedings."

Compl. Doc. No. 1 at 1.  He further contends that:

> Ned Lamount and the Department of Correction and Social Security and all known and unknown parties of interest has violated the Plaintiff's rights and Federal and State laws with their extortionated ways of racketeering and their conspiracies to fraud and recklessly endanger with their retaliations false statements and false reports and along with their discriminations and their prejudicial rulings and their executive orders recklessly causing endangerments, hardships, pain and sufferings and in some cases death along with their home

---

Holley intends to refer to Governor Ned Lamont, and refer to him as "Lamont" for purposes of this order.

      invasion, tamperings, tauntings, slanderings, forgeries, perjuries along with their misconducts, misleadings, misrepresentations and their fraudulent and moot cases that they argued fribulously that goes unnoticed by their Judges, Governors, Presidents, Commissioners and their agencies along with their state and federal administrations violating the Connecticut Practice Book and Federal laws and Constitutions, causing the Plaintiff to file this civil and criminal complaint on all parties. *United States v. Saltzman*, 984 F.2d 1087, 1090 (10th Cir. 1993).

*Id.* at 1-2.

In addition to alleging that the defendants have violated 18 U.S.C. § 3161, Holley contends that his continued incarceration violates the provisions of Connecticut Practice Book § 43-39, as well as rights secured by the Eighth and Fourteenth Amendments. Compl. Doc. No. 1 at 1-5. Specifically, Holley contends that his basic human needs are not being met, and that he is being exposed to "unsafe, life-threatening conditions" while incarcerated. *Id.* at 5. Based on Holley's attached exhibits and a review of the Connecticut State Judicial Branch website, it appears that Holley has a pending criminal action in Middlesex Superior Court that is proceeding to trial and that he is referring to that case in his complaint. *See* STATE OF CONNECTICUT JUDICIAL BRANCH WEBSITE, Pending Case Detail *available at* https://www.jud2.ct.gov/crdockets/CaseDetail.aspx?source=Pending&Key=dc152f93-aa1b-4a63-93ee-0454e4d98591.

Holley requests that I grant his civil and criminal complaint and order:

      the U.S. District Attorney and the F.B.I. to investigate all parties that conspiered in both civil and criminal crimes of malicious intent here in the State of Connecticut and North Carolina and…to have them held accountable under the laws of accountability  along with the State and Federal laws of Conspiracy, Fraud, Reckless Endangerments, Robery, Forgery, Criminal Attempt, Home Invasion, Criminal Trespassing, Criminal Mischief, Bribery, Tampering, False Statements, Falsely Reporting an incident, Harassment, Participation or Conspiracy In Use of Extortionate Means, Larceny, Corrupt Organization and Racketeering Acts.

Compl. Doc. No. 1 at 5.

Holley additionally asks that I grant the relief requested in his motion for settlement, "for sufferings over 42 years also to include such relief to which he may be entitled to here in these proceedings." *Id.*  In that motion, Holley indicates that he will settle this action for 5.5 billion dollars. Doc. No. 5 at 1.

**II.     Standard of Review**

Under section 1915A of Title 28 of the United States Code, district courts must review civil complaints filed by incarcerated individuals and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. That requirement applies both when the plaintiff pays the filing fee and when he or she proceeds *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

Although detailed allegations are not required, a complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

### III.     Discussion

Holley does not number his claims or indicate which allegations are brought against which defendants. The complaint instead generally alleges that the named defendants have violated various statutes and his constitutional rights during the course of his criminal prosecution in state court and subsequent incarceration. Holley additionally appears to raise claims related to an SSA proceeding.

#### 1.     Violations of Criminal Laws

Holley indicates that the complaint is both civil and criminal in nature, and requests that the United States Attorney for the District of Connecticut and the Federal Bureau of Investigation ("FBI") investigate all named parties and hold them accountable for multiple violations of state and federal criminal offenses.  Compl. Doc. No. 1 at 5. As a private citizen, however, Holley "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S.* v. *Richard D.*, 410 U.S. 614, 619 (1973); *see also Rzayeva v. United States,* 492 F. Supp. 2d 60, 73 (D. Conn. 2007) ("this Court lacks jurisdiction to order federal agents to initiate a prosecution"). There is similarly no statutory or constitutional right to require a federal agency to undertake investigation of an alleged perpetrator of a crime. *See Osuch v. Gregory,* 303 F. Supp. 2d 189, 194 (D. Conn. 2004) ("An alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted."). Accordingly, to the extent that Holley seeks to initiate a criminal investigation or prosecution against the defendants in federal court, those claims are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

#### 2.     Middletown Police Department

Holley lists the Middletown Police Department as a defendant but includes no factual allegations against the department or any individual officers in the body of the complaint. Accordingly, Holley has set forth no facts from which I could determine that the Department violated Holley's federally or constitutionally protected rights or his rights under state law.

Furthermore, although the Supreme Court has held that a municipality is "to be included among those persons to whom § 1983 applies," *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978), a municipal police department is "a sub-unit or agency of the municipal government" and not "an independent legal entity." *Reed v. Hartford Police Dep't*, 2004 WL 813028, at *2 (D. Conn. Apr. 6, 2004). Accordingly, a police department is not subject to suit under section 1983. *Id.* (collecting cases); *see also Rose v. City of Waterbury*, 2013 WL 1187049, at *9 (D. Conn. Mar. 21, 2013) (noting that Connecticut courts have determined that state statutes do not include "provision[s] establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be sued…it is the municipality itself which possesses the capacity to sue and be sued") (internal quotation marks and citation omitted).

All federal and state law claims asserted against the Middletown Police Department are therefore dismissed. *See* 28 U.S.C. § 1915A(b)(1). To the extent that Holley seeks to bring claims against the police department, he must raise those claims against individual officers and must additionally include detailed factual allegations in support of those claims.

   3.  **DOC, SSA and Ned Lamont**

Holley alleges that the DOC, the SSA and Ned Lamont have violated his civil rights under federal and state law. He additionally references the Sixth, Eighth and Fourteenth Amendments, as well as 18 U.S.C. § 3161 and Connecticut Practice Book § 43-39.

### a. Violations of Federal Statutes

The Speedy Trial Act, 18 U.S.C. §§ 3161-3174, establishes certain time limits for the completion of various stages of federal criminal prosecutions. Holley is currently charged with various crimes in state court, is incarcerated in a state prison facility and sets forth no facts to suggest that he has been charged with a federal offense. Because the Speedy Trial Act only applies to federal prosecutions, it is inapplicable to Holley's case. The allegations that the Department of Correction, the Social Security Administration and Ned Lamont violated 18 U.S.C. § 3161 are therefore dismissed with prejudice for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b)(1).

### b. Violations of State Statutes

Section 43-39 is the state-law counterpart to the Speedy Trial Act and sets certain deadlines for commencement of trial for a defendant charged in Connecticut Superior Court. Conn. Practice Book § 43-39. Although Holley may have a cognizable claim under that statute in Superior Court, section 1983 does not provide a cause of action for a violation of *state* law in federal court. *See Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("Clearly, a violation of state law is not cognizable under § 1983."). Furthermore, Holley has alleged no facts in support of the claim that any of the named defendants were involved in any way with the criminal case proceeding in Superior Court. Accordingly, the claim that the Department of

7

Correction, the Social Security Administration and Ned Lamont violated Connecticut Practice Book § 43-39(d) is dismissed with prejudice. *See* 28 U.S.C. § 1915A(b)(1).

### b. Federal Constitutional Violations - DOC

"Section 1983 creates a cause of action against any *person* who, acting under color of state law, abridges 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Shakhnes* v. *Berlin*, 689 F.3d 244, 250 (2d Cir. 2012) (*quoting* 42 U.S.C. § 1983) (emphasis added). The DOC, as an arm of the state, is not a 'person' for purposes of section 1983 and therefore cannot be held liable as a defendant in an action raised under section 1983. *See Milner v. Mulligan*, 2017 WL 4678185, at *2 (D. Conn. Oct. 17, 2017) ("The Department of Correction, a state agency, is not a person within the meaning of section 1983."); *see also Santos v. Connecticut Dep't of Corr.,* 2005 WL 2123543, at *3 (D. Conn. Aug. 29, 2005) (collecting cases). Although individual DOC officials may be held liable in both their individual capacities and in their official capacities in an action seeking declaratory or injunctive relief, Holley alleges no facts from which I could conclude that any individual DOC official, acting under color of state law, violated his rights. Accordingly, any claims asserted against the DOC are dismissed with prejudice. *See* 28 U.S.C. § 1915A(b)(1). To the extent that Holley seeks to raise claims under the Eighth or Fourteenth Amendment related to his conditions of incarceration, he must raise those claims against individual defendants and include specific facts in support of his allegations.

### c. Federal Constitutional Violations – SSA

Similarly, the Social Security Administration cannot be held directly liable under section 1983. *See, e.g.*, *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005) (Section 1983 "appl[ies] only

8

to state actors, not federal officials."). Although the Supreme Court recognized a similar private cause of action against federal officials for violations of constitutional rights in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), such a claim can only be raised against an official in his or her individual capacity. *See FDIC v. Meyer*, 510 U.S. 471, 484-85 (1994) (declining to extend *Bivens* to federal agencies); *O'Donoghue v. United States Soc. Sec. Admin.*, 828 F. App'x 784, 787 (2d Cir. 2020) (holding Social Security Administration "cannot be held liable under *Bivens*."); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (1994) (a *Bivens* action must be brought against federal official in his or her individual capacity only). Here, Holley has not named any individual officials, instead naming only the administration itself as a defendant. Furthermore, Holley includes no facts to explain how the Social Security Administration or one of its employees may have violated his federal constitutional rights. Accordingly, the claims asserted against the SSA for violations of Holley's federal constitutional rights are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

Moreover, Holley has alleged no facts from which I could conclude that he instead intends to raise claims under 42 U.S.C. § 405(g). That section provides that an individual may seek review in federal court of "any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party." Prior to seeking review, however, an individual must exhaust available administrative remedies, a process that includes (1) receiving an initial determination of benefits; (2) moving for reconsideration; (3) attending a hearing before an Administrative Law Judge; and (4) seeking review by the Appeals Council. 20 C.F.R. Part 404, subpart J (disability); 20 C.F.R. Part 416, subpart N (Supplemental Security Income);

*see also Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019) (explaining administrative review process); *Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 5 (2d Cir. 2011) ("Pursuant to 42 U.S.C. § 405(g), an individual must obtain a final decision of the Commissioner of Social Security" (the "Commissioner") before a district court can review a Social Security benefits determination.") (citation and quotation marks omitted).

Although Holley references a proceeding before the SSA, he has provided no additional detail to indicate that he is seeking review of "a final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Moreover, Holley includes in his exhibits a notice from an administrative law judge employed by the SSA informing Holley that hearings were being held via phone due to the Covid-19 pandemic. *See* Exs., Doc. No. 2 at 222. It appears from Holley's response that he declined to participate in a telephone hearing. Because it appears that Holley has yet to exhaust available administrative remedies, any claim pertaining to a determination of his Social Security benefits is not ripe for review in federal court. All claims against the SSA are accordingly dismissed.

        d.        **Federal Constitutional Violations - Ned Lamont**

Holley generally refers to "executive orders recklessly causing endangerments, hardships, pain and sufferings and in some cases death" and that the Governor's "Executive Order did [con]tribute to the violations of the defendant's State and Federal Constitutional rights." Compl. Doc. No. 1 at 3- 4.  Holley includes no facts in support of those general allegations, however, and I therefore cannot determine how the executive orders may have led to violations of Holley's state or federal rights. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

10

defendant is liable for the misconduct alleged."). Accordingly, the allegations that Governor Lamont violated Holley's federal constitutional rights are dismissed without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

### **Motion for Addition and Substitution of Parties [Doc. No. 4]**

In his motion for addition and substitution of parties, Holley requests that the court summon individuals "who are a party of interest….to be held accountable." Doc. No. 4 at 1. Holley does not, however, identify those individuals by name, otherwise describe them or indicate how they may have violated his constitutional or federally protected rights. However, Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course" within 21 days after service on defendants or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." F. R. Civ. P. 15(a)(1)(A)-(B). Because the defendants have not filed an answer or a Rule 12(b)(6), 12(e) or 12(f) motion in response to the complaint, Holley may amend the complaint as a matter of right. Accordingly, I will construe the motion for addition and substitution of parties as a motion seeking leave to file an amended complaint and will grant Holley's motion.

### **Motion for Settlement [Doc. No. 5]**

Holley states that he will settle this case for 5.5 billion dollars. He asks that I grant his motion for settlement for the reasons elaborated in his complaint. Doc. No. 5 at 1. To the extent that Holley requests that a settlement conference be scheduled, that request is premature. I have dismissed Holley's complaint and permitted him to file an amended complaint; any discussion of

11

settlement must await a response to the amended complaint. Accordingly, the motion for settlement is denied without prejudice to refiling at a later date.

### Motion for Change of Venue [Doc. No. 7]

Holley has additionally filed a motion seeking a change of venue. The determination of whether venue is proper is "generally governed by 28 U.S.C. § 1391." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). Section 1391(a) provides in relevant part: "[a] civil action may be brought in…(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred". 28 U.S.C. § 1391(b).  Holley contends a change of venue is necessary because "all the Plaintiff's rights to a fair trial or hearing in all levels of laws both civil and criminal have been violated by conspiracies to discriminate and fraud along with their misconduct and prejudicial rulings." Doc. No. 7 at 1. Those allegations do not sufficiently identify why venue in the District of Connecticut is improper. Moreover, the facts included in the complaint suggest that Holley's claims relate to his ongoing criminal case in Connecticut Superior Court and subsequent incarceration in a Connecticut prison, as well as the scheduling of a hearing to address a claim for disability benefits by an administrative law judge in the Social Security Administration office located in Hartford, Connecticut. It therefore appears that most of the "events or omissions giving rise to the claim[s]" occurred in the District of Connecticut such that venue in this district is proper under section 1391(b). Accordingly, the motion for a change of venue is denied.

### Motion to Object to Standing Protective Order [Doc. No. 12]

Holley has filed a motion objecting to the Standing Protective Order issued in this case on November 4, 2020, arguing that it violates rights secured by the First Amendment and various

provisions of the Connecticut Constitution. Attached to that motion are various exhibits, including a CHRO complaint Holley filed against a state-court judge and numerous inmate request forms seeking to have court documents related to this case mailed or filed.

The Standing Protective Order applies to "information, documents, excerpts from documents, and other materials produced in this action pursuant to Federal and Local Rules of Civil Procedure governing disclosure and discovery." Standing Protective Order, Doc. No. 9. Holley does not allege that he has sought or provided any information, documents or other material from the defendants that might be governed by the provisions of the protective order. Accordingly, any objection is premature. Moreover, the Standing Protective Order provides that it is entered "entirely without prejudice to the right of any party to apply to the Court…for modification of this Order; or to seek any other relief from the Court." *Id.* at 3. Holley is therefore free to seek modifications of that order once discovery in the case has commenced.

**It is hereby ordered that:**

**(1)** The following claims in the complaint are **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b)(1): claims seeking an investigation or prosecution of the defendants' conduct by the FBI or United States Attorney for the District of Connecticut; federal and state law claims asserted against the Middletown Police Department; the claims that the Department of Correction, Social Security Administration and Ned Lamont violated 18 U.S.C. § 3161 and Connecticut Practice Book § 43-39; the federal constitutional claims asserted against the Department of Correction under 42 U.S.C. § 1983; and the federal constitutional claims asserted against the Social Security Administration. The federal constitutional claims raised against Ned Lamont under Section 1983 are **DISMISSED without prejudice** pursuant to 28 U.S.C. §


1915A(b)(1).

The Motion for Change of Venue, [**Doc. No. 7**], is **DENIED;** the Motion for Settlement, [**Doc. No. 5**], is **DENIED without prejudice** to refiling at a later date. The Motion to Object to the Standing Protective Order [**Doc. No. 12**], is **DENIED** and the objection is **OVERRULED**.

**(2)** The Motion for Addition and Substitution of Parties [**Doc. No. 4**], which I have construed as a Motion to File an Amended Complaint, is **GRANTED**. I will permit Holley thirty (30) days to file an amended complaint against individuals who allegedly violated his constitutionally or federally protected rights. If Holley chooses not to file an amended complaint within the time specified, I will direct the Clerk to enter judgment for the defendants and to close the case.

So ordered.

Dated at Bridgeport, Connecticut, this 14th day of June 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge