UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNY R. HOLLEY,<br>    Plaintiff,<br><br>         v.<br><br>MIDDLETOWN POLICE DEPT., et al,<br>    Defendants. | No. 3:20-cv-1664 (SRU) |

## RULING AND ORDER ON MOTIONS

Kenny R. Holley ("Holley"), proceeding *pro se*, has filed numerous motions seeking to vacate my Initial Review Order and Ruling; to add parties to the action; to stay the action; to obtain certain discovery items; and seeking a writ of mandamus. *See* Doc. Nos. 23, 24, 26, 28, 29, 30, 31, 33, 35, 36, 37, 38. Holley has additionally submitted a number of exhibits. *See* Docs. No. 27, 34.

### I.     Jurisdiction

A threshold question in this case is whether I have jurisdiction to consider Holley's pending motions. Ordinarily, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). That is not a bright line rule but instead "a judicially crafted rule rooted in the interest of judicial economy, designed to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (cleaned up). Because the rule is directed toward promoting efficiency, a procedurally defective appeal—such as one that is untimely or taken from a non-final order—does not deprive a district court of jurisdiction over an action. *See China Nat'l Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F.

Supp. 2d 579, 595 (S.D.N.Y. 2012) (concluding that the rule "does not apply where an appeal is frivolous, nor does it apply to untimely or otherwise defective appeals") (cleaned up); *Nat'l Council of La Raza v. DOJ*, 345 F. Supp. 2d 412, 413 (S.D.N.Y. 2004) ("district courts are not deprived of jurisdiction by the filing of untimely or manifestly defective appeals and appeals from non-appealable orders"); *see also Leonhard v. United States*, 633 F.2d 599, 610 (2d Cir. 1980) ("we see no efficiency to be gained by allowing a party arbitrarily to halt the district court proceedings by filing a plainly unauthorized notice which confers on this Court the power to do nothing but dismiss the appeal").

In the case at bar, on June 14, 2021, I dismissed Holley's initial complaint pursuant to 28 U.S.C. § 1915A. *See* Doc. No. 20. In that order, I construed Holley's motion for addition and substitution of parties as a motion to amend the complaint, granted the motion, and permitted Holley thirty days to "file an amended complaint against individuals who allegedly violated his constitutionally or federally protected rights." *Id.* at 14. On either July 8 or July 12, Holley mailed several motions (which the Clerk docketed on July 15), including a motion for addition of parties, which appears to be an attempt to amend the complaint by adding new defendants to the action. *See* Doc. No. 26. In September 2021, Holley filed an interlocutory appeal seeking review of my initial review order dismissing his complaint. *See* Doc. No. 39.

Holley's appeal is defective for two reasons. First, Holley has attempted to appeal from a non-final order permitting him leave to file an amended complaint. Although such orders may become final if a plaintiff chooses not to file an amended complaint, *see Entretelas Americanas S.A. v. Soler*, 840 F. App'x 601, 602 (2d Cir. 2020), Holley filed what appears to be an amended complaint within thirty days of the initial review order dismissing his complaint without prejudice. Moreover, the appeal is untimely: Holley does not appear to have filed the appeal until

September of 2021. *See* Doc. No. 39. Because the appeal is procedurally defective, it does not divest this court of jurisdiction.[1]

**II.    Motions**

    1.    <u>Motions to Vacate</u> (Doc. No. 23, Doc. No. 30)

Holley has filed two identical motions to vacate my initial review order and has included with those motions over 250 pages of exhibits. *See* Doc. Nos. 23, 27, 30, 34. Because both motions appear to contend that I erred by dismissing Holley's original complaint, they are best construed as motions for reconsideration filed pursuant to District of Connecticut Local Rule 7(c).

In this Circuit, the standard for granting a motion for reconsideration is strict: reconsideration will be granted only if the moving party can identify "controlling decisions or data that the court overlooked" and that would reasonably be expected to alter the prior decision. *Analytical Surveys, Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). The major grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790).

As an initial matter, Holley's motions are untimely: Rule 7(c) provides that motions for reconsideration must be "filed within seven days of the order from which such relief is sought." D. Conn. L. R. 7(c). More importantly, however, the motions do not identify a basis for reconsideration of my original order. Instead, in both motions, Holley contends that I (and

---

[1] For that same reason, on October 14, 2021, I considered and denied two of Holley's motions requesting that I recuse myself from this action. *See* Doc. No. 41.

certain unidentified employees in the Clerk's Office) have violated the "Connecticut Practice Book Rules of Professional Conduct" and Federal Rule of Civil Procedure 11 during the pendency of this case. *See* Docs. No. 23, 30. Included in the exhibits that Holley submits are documents from this action and documents from other actions Holley has filed in this District Court and in state court. *See* Doc. No. 27, 34.

The Rules of Professional Conduct "define a lawyer's professional role" and "provide a framework for the ethical practice of law." *See* Rules of Prof. Conduct, Scope. In presiding over this case, ruling on motions, and issuing orders, my role is that of a judge, rather than an attorney who represents a party. As a result, the Rules of Professional Conduct are inapplicable. Similarly, the two unidentified clerks referenced by Holley—to the extent that they may be licensed attorneys—are not representing clients or practicing law. Finally, Holley asserts no facts in support of his claim that I or the clerks have violated those rules.

Holley additionally contends that I have violated three sections of Federal Rule of Civil Procedure 11: Section 235—Delay Other Proceedings; Section 236—Disobeying Court Orders on Electronic Filing and Emailing; and Section 237—Long or Lengthy Pleadings. Doc. Nos. 23, 30 at 1-2. Federal Rule 11, however, includes none of those cited provisions; instead, it sets out requirements for attorneys filing pleadings and motions papers in a federal court. Fed. R. Civ. P. 11. As a result, Holley's reliance on the provisions of Rule 11 to support his claim that my prior ruling and order must be vacated is misplaced.

Because Holley has set forth no basis for reconsideration of my previous order, the motions to vacate are **denied.**

2.     Motions for Addition of Parties (Doc. Nos. 26, 28, 29, 33, 35)

Holley has filed five separate motions for addition of parties (two of which are identical filings) and attached a litany of exhibits to two of those motions. As indicated, I understand Holley's motions to add parties as attempts to amend the complaint (in response to my order granting him leave to amend). Under section 1915A of Title 28 of the United States Code, a district court must review an incarcerated individual's complaint—or amended complaint—to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from that relief. 28 U.S.C. § 1915A. Although detailed allegations are not required in order to survive initial review, a complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, it is well-established that "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

In his first motion for addition of parties, Holley seeks to add: me; Judge Kevin Murphy; Judge Julia Dewey; Judge David Gold; and Judge Mullarky to the action. Doc. No. 26. Document 33 appears to be identical to that first motion for addition of parties. *See* Doc. No. 33. Although Holley does not cite to a particular statute in his motions, I assume that he brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action against any person:

> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of

5

>the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws…

Holley states that his motion is brought "on grounds of fairness, discrimination, prejudicial rulings, retaliation, misconducts, false arrest, false imprisonments, false statements, fraud and conspiracy, hardships, slandering and harassment." Doc. No. 26. However, he sets forth no facts from which I can conclude that the parties he seeks to add subjected him to prejudice, discrimination, or harassment or violated his federal or constitutional rights. *Id.*

In his second motion (doc. no. 28) Holley seeks to add as a party: the executive director of the Connecticut Commission on Human Rights and Opportunities ("CHRO"), Tanya Hughes; CHRO regional manager Shawn Burns; CHRO investigator Fred Deconico; and CHRO Administrative Assistant Dedra. Holley states that the motion is brought on grounds of "fairness, discrimination, prejudicial rulings, retaliation, misconducts, false arrest, false imprisonment, false statements, fraud and conspiracy, hardships, slandering and harassments" that have occurred over the course of thirty years. *Id.* He avers that the CHRO employees have failed to diligently respond to his communications and discriminated against him by dismissing certain of his CHRO actions. *Id.* Holley appends to that motion certain inmate request forms in which he requests assistance reaching the CHRO; letters sent to the individuals identified in his complaint; and documents from CHRO investigations. *Id.* Document 29 is identical (but does not include exhibits). *See* Doc. No. 29. Holley includes no additional facts, however, from which I can conclude that the lack of diligence on behalf of the CHRO employees or dismissal of certain of his complaints violated his constitutional or federal rights, nor does he elaborate on how he was discriminated against.

In his third motion (doc. no. 35), Holley seeks to add as a party: CHRO investigator Renee VanderWallBake; CHRO Attorney S. Bidwell; U.S. Department of Justice Officer of

Justice Program, Office of Civil Rights Director Michael L. Alston; O.C.R. Caseworker Paul; ADA Ms. Lewis; and John Doe and Jane Doe from the North Carolina Social Security Administration and the Social Security Administration in Meriden, Middletown, and Hartford. Doc. No. 35. Holley appends to that motion: documents from the CHRO (and letters sent to the CHRO); inmate request forms; documents from the United States Department of Justice Office for Civil Rights; and documents from the Social Security Administration. *Id.* He indicates that the motion is brought "on the grounds of fairness discrimination, prejudicial rulings, retaliation, misconduct, misrepresentation, false arrest, false imprisonment, false statements, fraud and conspiracy, hardships, slandering and harassment, physical and mental stress that was done to the plaintiff for over 30 years." *Id.*

      Holley has included no additional facts to explain how individuals associated with the CHRO have violated his constitutional or federal rights, however, nor does he further explain how he was discriminated against. Similarly, although Holley contends that Director Michael Alston dismissed his claims for lack of jurisdiction and violated his constitutional rights by endangering him due to the Covid-19 pandemic, he does not further explain that allegation, nor does he explain how O.C.R. Caseworker Paul violated federally protected rights by failing to diligently investigate his civil rights complaint. *Id.* Additionally, he does not set forth facts from which I can conclude that ADA Miss Lewis or various Social Security Administration employees discriminated against him or otherwise violated his constitutional or federal rights. *Id.*

      In sum, although Holley has identified the parties he seeks to add with additional specificity, he has failed to set forth facts in support of his claim that those defendants have caused him harm of the type that can be remedied in a federal civil rights action. I will afford Holley one final opportunity to amend his complaint within **thirty (30) days** of this ruling.

Should Holley choose to file an amended complaint, he should include specific facts indicating how the named defendants have violated his federal or constitutional rights. If he does not file an amended complaint within 30 days, I will direct the clerk to enter judgment in favor of the defendants and close the case.

      3.      <u>Motions for Discovery</u> (Doc. Nos. 24, 31)

Holley has filed two motions for discovery seeking the production of certain documents, electronically stored information, and tangible items. Doc. No. 24, 31. As discussed, however, Holley's complaint and amended complaint(s) have been dismissed pursuant to section 1915A. As a result, no defendants have appeared in the action and the motion for discovery is therefore premature and is **denied without prejudice.** To the extent that Holley chooses to file an amended complaint, he may renew the motion when the defendants appear in the action.

      4.      <u>Motion to Challenge</u> (Doc. No. 36)

Holley has filed a motion titled "Motion to Challenge the Veracity of Information that is in the U.S. District Court District of CT Civil Docket for Case #3:20-CV-1664-SRU." Doc. No. 36. He states that he has dealt with various "legal issues" for over forty years "from the highest to the lowest Administrative Courts of Connecticut, clearly you can see, now is the time to motion to challenge the veracity of information that is . . . in the civil docket for case #3:21-cv-01664-SRU to challenge the truthfulness and honesty of this document and those who made it up." *Id.* at 1. However, he does not indicate what information is untrue or inaccurate. Accordingly, the motion is **denied.**

      5.      <u>Motion for Writ of Mandamus</u> (Doc. No. 37)

Holley has additionally filed a motion seeking a writ of mandamus. In support of his motion, Holley contends that he is at risk of contracting Covid-19 and that he is unlawfully

imprisoned by the State of Connecticut and the Middletown and Meriden Police Departments; the Department of Correction, Superior Court judges, lawyers, and prosecutors; Governor Lamont; the United States District Court; and that some federal judges and clerks have violated state and federal rules of conduct and procedure, state and federal constitutions, and state human rights laws in several of his criminal and civil actions. *Id.* at 2-3. Holley attaches a number of inmate request forms to his motion. *Id.* at 5-8.

The federal mandamus statute, 28 U.S.C. § 1361, provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus may be used by incarcerated individuals seeking enforcement of constitutional and statutory duties owed to them by federal officials. The standard for obtaining a writ of mandamus is strict: a writ of mandamus may issue only if the petitioner has "a clear right" to the relief sought, the federal officer or employee has a "plainly defined and peremptory duty" to perform the act in question, and the petitioner has no other "available, adequate remedy." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989) (cleaned up).

Section 1361 does not grant federal courts authority to enter writs of mandamus against state officials. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) ("federal courts have no general power to compel action by state officials"); *Lebron v. Armstrong*, 289 F. Supp. 2d 56, 58 (D. Conn. 2003) ("[b]y its terms, the federal mandamus statute does not apply to an action to compel a state or state officials to perform a particular duty"). Because Holley appears to seek a writ of mandamus against the state officials holding him in custody and has not alleged violations of his federal constitutional rights by a federal official, a writ of mandamus is not the appropriate vehicle for relief. Accordingly, the motion is **denied.**

  6. <u>Motion to Stay</u> (Doc. No. 38)

Finally, Holley has filed a "motion to stay." *See* Doc. No. 38. In support of that motion, Holley states that he has filed a motion to challenge the veracity of the information in this case, has a right to truthful information, and has more "additions to add to this case and has a right to do so." *Id.* However, the motion to challenge sets forth no basis from which I can conclude that the case should be stayed. Further, as discussed above, I will afford Holley a second opportunity to file an amended complaint. To the extent that Holley seeks to set forth additional information or claims, he may do so through the filing of an amended complaint—no stay of the case is required. Accordingly, the motion to stay is **denied.**

### III. Conclusion

For the foregoing reasons, the motions to vacate (Doc. Nos. 23 and 30) are **denied.** The clerk is directed to docket Holley's motions for addition of parties (Doc. Nos. 26, 28, 29, 33, 35) as Proposed Amended Complaints and terminate the motions. Those complaints are dismissed pursuant to 28 U.S.C. § 1915A. Holley may file an amended complaint within **thirty (30) days** of this order. If he chooses not to do so, the clerk is directed to enter judgment for the defendants and close the case. The motion to stay, motion for a writ of mandamus and the motion to challenge (Docs. No. 38, 37, 36) are **denied.** The motions for discovery (Docs. No. 31, 24) are **denied without prejudice.**

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of January 2022.

                   /s/ STEFAN R. UNDERHILL
                   Stefan R. Underhill
                   United States District Judge